IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:25-cv-2727

BALE FARM, LLC,

    Plaintiff,

v.

IMPERIAL FIRE & CASUALTY
INSURANCE COMPANY

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, **BALE FARM, LLC**, by and through its undersigned counsel, sues Defendant, IMPERIAL FIRE & CASUALTY INSURANCE COMPANY for the relief hereinafter requested, and in support alleges as follows:

### I. PARTIES

1. Plaintiff, **BALE FARM, LLC** ("Plaintiff"), is a **Florida Limited Liability Company** with its principal place of business located in **Hillsborough County, Florida**. Plaintiff is the owner of the insured property described below and has been at all times material hereto.

1

2. Defendant, **IMPERIAL FIRE & CASUALTY INSURANCE COMPANY** ("IMPERIAL"), is a **foreign profit corporation** authorized to transact insurance business in the State of Florida.

3. IMPERIAL participates in the **Federal Emergency Management Agency's (FEMA)** "**Write Your Own**" ("WYO") Program, authorized under 42 U.S.C. § 4081(a), and issues **Standard Flood Insurance Policies ("SFIP")** in its own name as a **fiscal agent of the United States**.

4. Pursuant to **44 C.F.R. § 62.23(d)** and **(i)(6)**, IMPERIAL is responsible for the adjustment, settlement, payment, and defense of all claims arising under SFIPs it issues.

## II. JURISDICTION AND VENUE

5. This action arises under the **National Flood Insurance Act of 1968**, as amended, 42 U.S.C. § 4001, *et seq.* ("NFIA"). Jurisdiction is therefore proper in this Court pursuant to **28 U.S.C. § 1331**, as this action involves a federal question under the laws of the United States.

6. Venue is proper in the **Middle District of Florida**, pursuant to **42 U.S.C. § 4072** and **44 C.F.R. Pt. 61, App. A(1), Art. VII(R)**, because the insured property that is the subject of this action is located in **Hillsborough County, Florida**, within this judicial district.

## III. FACTUAL ALLEGATIONS

7. The property made the basis of this action is located at 12454 Brown Berry Rd., Dover, Florida 33524-3747 (hereinafter referred to as the "insured property").

8. On or about September 12, 2024, Defendant issued to Plaintiff a Standard Flood Insurance Policy, Policy No. 0003064696, for a one-year term under the National Flood Insurance Program (NFIP).

9. In lieu of attaching the policy hereto, the Plaintiff incorporates by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Imperial to the Plaintiff during the above-referenced time period

10. Under the SFIP, Defendant agreed to pay Plaintiff for **direct physical loss by or from flood** to the insured property, as defined by the policy and 44 C.F.R. § 61, App. A(1).

11. The SFIP provided coverage for:

    a) **Building coverage** (Coverage A) in the amount of **$114,000.00**, and

    b) **Contents coverage** (Coverage B) in the amount of **$5,000.00**.

12. Plaintiff incorporates by reference the full terms and provisions of the SFIP as codified in 44 C.F.R. § 61, Appendix A(1), as though fully set forth herein.

13. On or about October 9, 2024, Hurricane Milton caused huge storm surges, tidal water, and rain, which directly caused the inundation of the Plaintiff's land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to his building and incurred expenses for debris removal and safe storage of his property.

14. The Plaintiff timely notified the Defendant of his loss, and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiff.

15. Pursuant to SFIP, Art.VII.J.7. The estimate and proof of loss are furnished as "a matter of courtesy only". As a result, payment was made to the Plaintiff pursuant to his SFIP for loss or damage to his insured property.

16. Plaintiff disagreed with the Defendant's estimate and payment on the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Plaintiff's

dwelling and their community; and, the adjuster used inappropriate and/or inadequate methods of repair.

17. On or about October 9, 2024, Hurricane Milton made landfall in Florida, producing heavy rain, storm surges, and tidal waters that inundated the Plaintiff's land and surrounding area.

18. As a direct and proximate result of the flooding caused by Hurricane Milton, Plaintiff sustained direct physical loss and damage to the insured property, including structural damage and debris accumulation, necessitating cleanup, repair, and storage costs.

19. Plaintiff timely notified Defendant of the loss and filed a claim in accordance with the SFIP.

20. Defendant assigned an independent adjuster to inspect the loss and prepare an estimate, which served as the basis for Defendant's partial payment to Plaintiff.

21. Plaintiff subsequently disputed the adequacy of Defendant's estimate and payment, asserting that:

    a. The scope of covered damage was incomplete or omitted;

    b. The pricing and methods used were inaccurate and failed to reflect actual repair costs; and

c. Defendant undervalued or mischaracterized multiple flood-damaged components of the property.

22. On October 29, 2025, Plaintiff submitted a Proof of Loss and detailed room-by-room estimate for the additional amounts due, as required by SFIP Art. VII.J.4.

23. The SFIP remained in full force and effect at the time of the flood, and Plaintiff has complied with all conditions precedent to recovery under the policy.

24. Despite demand and submission of required documentation, Defendant failed and refused to pay the full amount owed under the SFIP.

25. Defendant's failure to issue full payment constitutes a breach of contract and violation of the National Flood Insurance Act and the regulations promulgated thereunder.

### COUNT I- BRECAH OF CONTRACT

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. The SFIP issued by Defendant constitutes a valid and enforceable contract of insurance between the parties.

28. Defendant's failure and refusal to pay all amounts due for Plaintiff's covered flood loss constitutes a breach of the SFIP.

29. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including but not limited to:

    a. Unpaid covered losses under the SFIP;

    b. Out-of-pocket repair and mitigation expenses;

    c. Costs incurred to comply with the policy and NFIA requirements; and

    d. Attorneys' fees and costs to secure the benefits due.

30. Plaintiff has fully performed all obligations required under the SFIP and under applicable FEMA regulations.

31. Pursuant to 42 U.S.C. § 4072, Plaintiff is entitled to bring this action in this Court against Defendant as the WYO carrier responsible for payment under the SFIP.

### COUNT II — VIOLATION OF THE NATIONAL FLOOD INSURANCE ACT
### (42 U.S.C. § 4001 et seq. and FEMA Regulations)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. The **National Flood Insurance Act of 1968** and its implementing regulations, including **44 C.F.R. Part 61 and Part 62**, require

WYO insurers to **administer and adjust flood insurance claims in accordance with FEMA's federal standards** and the SFIP.

34. Defendant, acting as a **fiscal agent of the United States**, owed Plaintiff a duty to:

    a. Properly investigate and adjust flood claims in compliance with FEMA regulations;

    b. Adhere strictly to the SFIP provisions codified at 44 C.F.R. § 61, App. A(1); and

    c. Make timely and full payment for covered losses.

35. Defendant's failure to accurately adjust Plaintiff's claim, omission of covered damages, and refusal to issue full payment constitute violations of the **NFIA** and its implementing regulations.

36. As a direct and proximate result, Plaintiff has suffered compensable damages, including unpaid covered losses, consequential expenses, and costs of litigation.

## NOTICE TO THE UNITED STATES

Pursuant to Fed. R. Civ. P. 4(i), because Defendant acts as a fiscal agent of the United States under the National Flood Insurance Program, Plaintiff will serve a copy of this Complaint upon:

   a. The Civil Process Clerk of the Office of the United States Attorney for the Middle District of Florida, and

   b. The Attorney General of the United States in Washington, D.C.,

in addition to service upon the Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Bale Farm, LLC respectfully request this Honorable Court:

A. Enter judgment in favor of Plaintiff and against Defendant IMPERIAL FIRE & CASUALTY INSURANCE COMPANY on all Counts;

B. Award Plaintiff monetary damages for all unpaid covered losses sustained as a result of the October 9, 2024 flood and including the coverage limits under Coverage A; any and all other amounts payable under said policy;

C. Award prejudgment and post judgment interest as permitted by law.

D. Award costs and reasonable attorney's fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412;

E. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 7, 2025                                             Respectfully submitted,

By: */s/Jesse Philippe, Esq.*
    **JESSE PHILIPPE, ESQ.**
    Florida Bar No. 1035616
    Attorney for Plaintiff
    **J. PHILIPPE, LLC**
    Truist Financial Center
    401 East Jackson Street,
    Suite 2340,
    Tampa, Florida 33602
    (813) 442-9598
    jp@jphilippelaw.com
    eservices@jphilippelaw.com